IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWIN F. WASHINGTON,
     Plaintiff,

vs.                              Case No.:  5:08cv38/SPM/EMT

JAMES McDONOUGH, et al.,
     Defendants.
_____/

## ORDER, REPORT AND RECOMMENDATION

     Plaintiff, a Florida inmate proceeding pro se, initiated this civil rights action on February 4, 2008, under 42 U.S.C. § 1983 (Doc. 1), and he subsequently filed an amended complaint (Doc. 4). The court previously granted Plaintiff's motion to proceed in forma pauperis (*see* Docs. 5, 7).  The court granted the motion based only upon the monetary information supplied in the motion; however, based upon further review of the file and of previous cases filed by Plaintiff, the court vacates its order granting the motion and recommends dismissal of this action pursuant to 28 U.S.C. § 1915(g).

     Plaintiff names four (4) Defendants in this civil rights action:  James McDonough, Former Secretary of the Florida Department of Corrections ("DOC"), Colonel Santon of the Washington Correctional Institution ("WCI"), WCI Warden R. Harris, and WCI Sgt. Merritt (Doc. 4 at 1–2). Plaintiff states that in February of 2008, he was eating in the dining room and the inmates were instructed to put their trays down before getting their drink (*id.* at 5).  Plaintiff complied with this request, and when he returned to his tray, another inmate was taking his cookie and meat off of his tray (*id.*).  Plaintiff states that he asked the other inmate what he was doing, they exchanged words, and then they sat down (*id.*).  Plaintiff and the inmate were told to leave both trays on the table "for other inmates to eat" (*id.*).  Plaintiff states that he was denied "adequate access to meal[s] twice," and that numerous inmates from "F. Dormitory" were witnesses (*id.*).  Plaintiff further states that

Defendants have retaliated against him for filing complaints and have initiated false disciplinary reports (*id.*).  Plaintiff states that he has been placed in "G-Dorm confinement" where there is no heat, and his cell is covered with blinds (*id.* at 6).  Plaintiff states Defendants are trying to place him on level two close management (*id.*).  Plaintiff further alleges that Defendants changed his phone service so that he has to pre-pay for phone calls, and therefore, he cannot talk to his friends or family (*id.*).  Plaintiff additionally states, "All of my disciplinary reports came from the 3 to 11 shift and it is [sic] continue to come from this shift," and he fears for his life at WCI due to retaliatory treatment, verbal abuse, and disciplinary actions (*id.*).  Finally, Plaintiff states that he wants to transfer to another prison facility because that is the only way he can complete his prison sentence without anything happening to him (*id.*).

Plaintiff claims that Defendants violated his right to adequate meals at WCI, in violation of the First, Fourth, and Fourteenth Amendments (*id.* at 7).  As relief, Plaintiff seeks transfer to another correctional facility (*id.*).  Additionally, he seeks declaratory relief and monetary damages in the amount of $200,000.00 (*id.* at 7).

The court takes judicial notice of three cases previously filed by Plaintiff in the federal courts: (1) Edwin F. Washington v. James R. McDonough, No. 5:07cv158/RS/EMT (N.D. Fla. Nov. 14, 2007); (2) Edwin F. Washington v. James R. McDonough., No. 5:07cv178/MCR/EMT (N.D. Fla. Oct. 29, 2007); and (3) Edwin Fulbright Washington v. Michael W. Moore, et al., No. 3:02cv896/HES (M.D. Fla. Sept. 27, 2002).[1]  Plaintiff was incarcerated at the time of filing each of those cases, as his address of record was a penal institution, and his address did not change during the course of the litigation.  Additionally, each of those cases was dismissed by the district court in 2002 and 2007, on the ground that they failed to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,

---

[1] The prisoner number of the plaintiff in each of these cases, #625867, is the same as Plaintiff's.

malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

In the instant case, Plaintiff is clearly still a prisoner, and the instant civil rights action concerns the conditions of his confinement.  Furthermore, his three prior cases, identified *supra*, qualify as "strikes" under § 1915(g).  Therefore, the issue before the court is whether Plaintiff qualifies under the "imminent danger of serious physical injury" exception and, therefore, entitled to proceed in forma pauperis.

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.*; Jackson v. Reese*,* 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").  Moreover, "imminent danger" is assessed not at the time

of the alleged incident, but rather at the time the complaint is filed.  *See* <u>Abdul-Akbar v. McKelvie</u>, 239 F.3d 307, 213 (3d Cir. 2001).

Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest that he is under imminent danger of serious injury.  Although Plaintiff states that Defendants twice denied him meals and have been verbally abusive and retaliatory toward him, he does not allege that he incurred any serious injury from the incidents he relates.  Additionally, Plaintiff does not specifically show how this incident evidences a present threat of serious physical injury to him.

Accordingly, he may not proceed in forma pauperis.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

1.      The court's previous order (Doc. 7) granting Plaintiff's motion to proceed in forma pauperis (Doc. 5) is hereby **VACATED**.

2.      Plaintiff's motion to proceed in forma pauperis (Doc. 5) is **DENIED**.

3.      The clerk of court shall mail a copy of this order to:  Department of Corrections, 2601 Blairstone Road, Tallahassee, FL  32399-2500, Attention:  Agency Clerk.  The agency having custody of Plaintiff shall no longer forward payments from Plaintiff's account to the court for

And it is respectfully **RECOMMENDED**:

That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

At Pensacola, Florida, this 27<u>th</u> day of June 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

      Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; **United States v. Roberts**, **858 F.2d 698, 701 (11th Cir. 1988).**